Filed 3/30/22  P. v. Murillo CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>GABRIEL MURILLO,<br><br>Defendant and Appellant. | F082504<br><br>(Super. Ct. No. VCF393323B)<br><br><br>**OPINION** |

THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Juliet L. Boccone, Judge.

Kendall Dawson Wasley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and Tia M. Coronado, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Detjen, Acting P.J., Peña, J. and Snauffer, J.

Defendant Gabriel Murillo contends on appeal that his $250 report fee must be vacated because Assembly Bill No. 1869 (2019–2020 Reg. Sess.) (Assembly Bill 1869) repealed Penal Code section 1203.1b[1] and must be applied to his case. We vacate the portion of the judgment requiring payment of fees pursuant to former section 1203.1b. We affirm in all other respects.

## PROCEDURAL SUMMARY

On September 30, 2020, the Tulare County District Attorney filed an information charging defendant with assault with a deadly weapon (§ 245, subd. (a)(1); count 1) with great bodily injury and gang enhancements (§§ 12022.7, subd. (a), 186.22, subd. (b)(1)(C)), and active participation in a criminal street gang (§ 186.22, subd. (a); count 2) with a great bodily harm enhancement (§ 12022.7, subd. (a)).

On December 23, 2020, defendant pled nolo contendere as to all charges, and the two enhancements to count 1. The remaining enhancement to count 2 was dismissed.

On January 25, 2021, the trial court sentenced defendant to prison for a total term of five years. The execution of the sentence was suspended for three years for defendant to serve a term of probation, subject to 365 days in local custody. The trial court also imposed various fines and fees and imposed a $250 report fee (former § 1203.1b).

On March 11, 2021, defendant filed a notice of appeal.

## DISCUSSION[2]

Defendant contends any unpaid portion of his $250 report fee must be vacated pursuant to the application of repealed section 1203.1b. The People agree. We agree with the parties.

---

**1**  All statutory references are to the Penal Code unless otherwise noted.

**2**  Because defendant raises only sentencing issues, the facts underlying the offense are not relevant and are omitted from this opinion.

Operative July 1, 2021, Assembly Bill 1869 eliminated many fines, fees, and assessments that courts have imposed under a variety of statutes, including former section 1203.1b, previously allowing collection of report fees.  (Stats. 2020, ch. 92, § 47.)  Here, the parties agree, as do we, that any unpaid portion of the report fee ordered pursuant to former section 1203.1b is uncollectable and unenforceable as of July 1, 2021.  (§ 1465.9, subd. (a); Gov. Code, § 6111, subd. (a).)

Defendant's case was not final on July 1, 2021, and he was ordered to pay a $250 report fee pursuant to former section 1203.1b.  Defendant is entitled to the benefit of Assembly Bill 1869.

We therefore vacate the portion of the judgment requiring payment of fees pursuant to former section 1203.1b.  Any portion of those fees not collected before July 1, 2021, is unenforceable and uncollectable.

## DISPOSITION

The portion of the judgment imposing fees pursuant to former section 1203.1b is vacated.  In all other respects, we affirm.